William J. Flynn, State Bar No. 95371
Benjamin K. Lunch, State Bar No. 246015
Wan Yan Ling, State Bar No. 297029
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: blunch@neyhartlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| ROBERT ESTORGA, on behalf of himself and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANTA CLARA VALLEY TRANSPORTATION AUTHORITY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>**[Fair Labor Standards Act]**<br><br>(Jury Trial Demanded) |

Plaintiff ROBERT ESTORGA alleges on behalf of himself and other persons similarly situated as follows:

I.

This action is brought pursuant to the Fair Labor Standards Act (hereafter "Act"), as amended, 29 U.S.C. §§ 201 et seq., for declaratory and injunctive relief, back wages, liquidated damages and attorneys' fees. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §216(b).

-1-

II.

Plaintiff ROBERT ESTORGA is a resident of Santa Clara County, California and is currently employed by defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY (hereafter "VTA"). The named plaintiff brings this action on behalf of himself and on behalf of all past and current "employees" of VTA similarly situated who, pursuant to 29 U.S.C. §216(b), file with this Court written consent to become a party. Attached hereto as Exhibit A is the written consent from Mr. Estorga. Additional consents will be filed with the Court as they are executed.

III.

Defendant VTA is a public entity duly organized and existing pursuant to the Santa Clara VTA act, California Public Utilities Code §§ 100000 et seq. As such, VTA is a "public agency" as that term is defined in 29 U.S.C. §203(x) and an "employer" as that term is defined in 29 U.S.C. §203(d). VTA has its principal office and place of business in San Jose, California.

IV.

At all relevant times VTA has been engaged in the business of providing local bus and rail service in the counties of Santa Clara, San Mateo and Alameda. Its activities were related and performed through unified operation and common control for a common business purpose. As such, VTA is an "enterprise" as that term is defined in 29 U.S.C. §203(r).

V.

At all relevant times VTA utilized the instrumentalities of interstate commerce and regularly purchased substantial quantities of fuel, parts, equipment and other goods from sources

NEYHART, ANDERSON, FLYNN & GROSBOLL
ATTORNEYS AT LAW

COMPLAINT
H:\astrick\10265.414 Complaint.doc

outside the State of California. VTA regularly transported substantial numbers of passengers to and from air, rail and bus terminals where such passengers continue, begin, or end interstate and foreign travel. As a result of the above activities and others, VTA is an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. §209(s).

## VI.

At all relevant times herein, the named plaintiff and the other similarly situated persons they represent (hereafter collectively referred to as "plaintiffs") were employed by VTA as bus operators. As such, all plaintiffs were engaged in operating bus or rail services for VTA, or ancillary activities closely and intimately tied to, and necessary for, such services. In performing their jobs for VTA plaintiffs were "employees" "engaged in commerce" or engaged in the "production" of "goods" for "commerce" or employed in an "enterprise engaged in commerce or in the production of goods for commerce" as those terms are defined in 29 U.S.C. §203(b), (e), (i), (j), (r) and (s).

## VII.

During the period of the statute of limitations, VTA has violated 29 U.S.C. §207(a) by employing plaintiffs, during many workweeks, longer than 40 hours and failing and refusing to compensate them for certain hours in excess of 40 at rates not less than one and one-half the plaintiff's regular rate. Accordingly, compensation is due and owing to plaintiffs for, at least, the period of the applicable statute of limitations. Liquidated damages are also due and owing to plaintiffs to the extent permitted by law.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-3-

COMPLAINT
H:\astrick\10265.414 Complaint.doc

VIII.

VTA knew, or should have known, that plaintiffs were covered by the provisions of the act.

IX.

VTA willfully violated the Act by failing to compensate plaintiffs at one and one-half times their regular rate for certain hours worked in excess of 40 hours in a workweek. As a result of VTAs willful violation plaintiffs are entitled, pursuant to 29 U.S.C. §255, to recover wages due and owing for a period of three years prior to the date each plaintiff files a written consent with this Court.

X.

As a result of VTA's failure to comply fully with the act and to pay all compensation due and owing to plaintiffs, they have been forced to bring this action and, through their union, to engage an attorney and incur the expenses of litigation.

XI.

Unless enjoined by this Court, VTA will continue to refuse to pay plaintiffs for certain hours worked at the rates required by the Act. Plaintiffs have no adequate remedy at law for this continuing refusal to comply with the Act.

WHEREFORE, plaintiffs pray that this court:

1. Enter judgment that VTA has violated the Act by failing to pay plaintiffs for certain hours worked at the rates required by the Act;

2. Order VTA to comply with the Act in the future and to compensate plaintiffs for a period of three years for all amounts due and owing as a result of VTA's past violations

of the Act;

3. Award plaintiffs liquidated damages in an amount equal to the backpay due and owing;

4. Award plaintiffs reasonable attorneys' fees, costs and expenses involved in commencing and prosecuting this case; and

5. Grant such other and further relief as this Court deems just and proper.

Dated: May 17, 2016

Respectfully submitted,

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: /s/ William J. Flynn
William J. Flynn
Benjamin K. Lunch

Attorneys for Plaintiffs

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury.

Dated: May 17, 2016

Respectfully submitted,

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: /s/ William J. Flynn
William J. Flynn
Benjamin K. Lunch

Attorneys for Plaintiffs

EXHIBIT A

William J. Flynn, State Bar No. 95371
Benjamin K. Lunch, State Bar No. 246015
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: blunch@neyhartlaw.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| ROBERT ESTORGA,<br><br>    Plaintiff,<br><br>vs.<br><br>SANTA CLARA VALLEY TRANSPORTATION AUTHORITY,<br><br>    Defendant. | Case No.<br><br>**CONSENT TO BE JOINED AS PARTY PLAINTIFF**<br><br>[29 U.S.C. 216(b)] |

Neyhart,
Anderson,
Flynn &
Grosboll
Attorneys at Law

-1-

CONSENT FORM
C:\Users\Owner\Downloads\10265.414 Consent.doc

I, Robert Estorga, declare as follows:

1. I have been employed by defendant, Santa Clara Valley Transportation Authority "VTA") or its predecessors in the position of bus or train operator from approximately 1986 to the present.

2. I hereby consent, pursuant to 29 U.S.C. § 216(b), to be a party plaintiff in this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to recover unpaid overtime, liquidated damages, attorneys' fees and costs from defendant.

I declare under penalty of perjury that the above is true and correct.

Dated this 10th day of May, 2016 at Gilroy, California.

By: _____
Robert Estorga

2896
VTA Badge Number

**RECEIVED**
MAY 16 2016
Neyhart, Anderson,
Flynn & Grosboll