United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBERT ESTORGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA VALLEY TRANSPORTATION AUTHORITY,<br><br>　　　　Defendant. | Case No.  16-cv-02668-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 11] |

　　　　Plaintiff Robert Estorga, on behalf of himself and all persons similarly situated, brings this action against Santa Clara Valley Transportation Authority ("VTA"), alleging that VTA violated the Fair Labor Standards Act ("FLSA") by failing to compensate employees for hours worked in excess of forty hours in a workweek. Compl. ¶¶ 7-9, ECF 1; 29 U.S.C. § 207(a). VTA has moved to dismiss the entire complaint for failure to plead any factual details. Mot., ECF 11. Having considered the parties' respective written submissions, the Court finds the matters appropriate for submission without oral argument. Civ. L.R. 7-11(b). The Court therefore VACATES the hearing scheduled for September 22, 2016. For the reasons stated below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

　　　　A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  See also *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (holding that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week").  The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

In its motion to dismiss, Defendant argues that Plaintiff failed to plead any factual details beyond generalized allegations relating to violations of FLSA's overtime provisions.  Mot. 3.  Plaintiff's opposition states that Defendant "is well aware of what this complaint concerns" and proffered additional facts not referenced in the complaint, such as a requirement to travel before and after a scheduled shift.  Opp. 1-2, ECF 12.  Plaintiff also requests judicial notices of exhibits evidencing prior disputes with VTA, attached to the opposition.  Opp. 2.

For the purpose of this motion, the Court shall disregard facts that are not alleged on the face of the complaint or not contained in documents attached to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Although the Court may consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, [. . . ] which are not physically attached to the [plaintiff's] pleading,'" the complaint did not allege the contents of the exhibits Plaintiff attached to the opposition and thus failed to incorporate them by reference.  *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043 (9th Cir. 2015) (citing *Knievel,* 393 F.3d at 1076).  Moreover, Defendant objects to these exhibits because, among other reasons, Plaintiff had not provided the basis for judicial notice in accordance with Fed. R. Evid. 201(c)(2).  Reply 2, ECF 13.  Accordingly, the Court will not consider the exhibits attached to Plaintiff's opposition in evaluating whether the complaint meets the Rule 8(a)(2) requirement.

In reviewing the complaint, the Court finds that Plaintiff's bare-bones allegations contain little to no factual details beyond legal conclusions.  Even if Defendant were to know the facts of the case as argued by Plaintiff, Opp. 1, Defendant's supposed knowledge does not discharge Plaintiff's obligation to provide sufficient pleading under Rule 8(a)(2).  The Court thus concludes

1 that Plaintiff's complaint fails to support a claim that the pleader is entitled to relief.

2 If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend . . . , unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff's opposition and the accompanying exhibits suggest that Plaintiff may be able to cure the deficiencies by alleging additional facts. Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend. The Court further ORDERS the Plaintiff to file any amended pleading on or before October 3, 2016.

**IT IS SO ORDERED.**

Dated: September 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge