William J. Flynn, State Bar No. 95371
Benjamin K. Lunch, State Bar No. 246015
Wan Yan Ling, State Bar No. 297029
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
wflynn@neyhartlaw.com
blunch@neyhartlaw.com
wling@neyhartlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

ROBERT ESTORGA, on behalf of himself and other persons similarly situated,

Plaintiffs,

vs.

SANTA CLARA VALLEY TRANSPORTATION AUTHORITY,

Defendant.

Case No.  16-cv-02668 BLF

**FIRST AMENDED COMPLAINT**
**[Fair Labor Standards Act]**

(Jury Trial Demanded)

Plaintiff ROBERT ESTORGA alleges on behalf of himself and other persons similarly situated as follows:

I.

This action is brought pursuant to the Fair Labor Standards Act (hereafter "Act" or "FLSA"), as amended, 29 U.S.C. §§ 201 et seq., for declaratory and injunctive relief, back wages, liquidated damages and attorneys' fees.  This Court has jurisdiction over the action pursuant to 28

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-1-

U.S.C. §§ 1331, 1337 and 29 U.S.C. §216(b).

II.

Plaintiff ROBERT ESTORGA is a resident of Santa Clara County, California and was employed by defendant SANTA CLARA VALLEY TRANSPORTATION AUTHORITY (hereafter "VTA"). He was employed by VTA as a bus driver at the time of the original complaint. He is now retired. The named plaintiff brings this action on behalf of himself and on behalf of all past and current "employees" of VTA similarly situated who, pursuant to 29 U.S.C. §216(b), file with this Court written consent to become a party. Attached hereto as Exhibit A is the written consent from Mr. Estorga. Additional consents will be filed with the Court as they are executed. Mr. Estorga's consent was attached to the original complaint which was filed with this court on May 17, 2016. The court labeled that document as #1 and the consent appears at p. 8 and p. 9 of that document.

III.

Defendant VTA is a public entity duly organized and existing pursuant to the Santa Clara VTA act, California Public Utilities Code §§ 100000 et seq. As such, VTA is a "public agency" as that term is defined in 29 U.S.C. §203(x) and an "employer" as that term is defined in 29 U.S.C. §203(d). VTA has its principal office and place of business in San Jose, California.

IV.

At all relevant times VTA has been engaged in the business of providing local bus and rail service in the counties of Santa Clara, San Mateo and Alameda. Its activities were related and performed through unified operation and common control for a common business purpose. As

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-2-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

such, VTA is an "enterprise" as that term is defined in 29 U.S.C. §203(r).

V.

At all relevant times VTA utilized the instrumentalities of interstate commerce and regularly purchased substantial quantities of fuel, parts, equipment and other goods from sources outside the State of California.  VTA regularly transported substantial numbers of passengers to and from air, rail and bus terminals where such passengers continue, begin, or end interstate and foreign travel.  As a result of the above activities and others, VTA is an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. §203(s).

VI.

At all relevant times herein, the named plaintiff and the other similarly situated persons they represent (hereafter collectively referred to as "plaintiffs") were employed by VTA as bus operators.  As such, all plaintiffs were engaged in operating bus or rail services for VTA, or ancillary activities closely and intimately tied to, and necessary for, such services.  In performing their jobs for VTA plaintiffs were "employees" "engaged in commerce" or engaged in the "production" of "goods" for "commerce" or employed in an "enterprise engaged in commerce or in the production of goods for commerce" as those terms are defined in 29 U.S.C. §203(b), (e), (i), (j), (r) and (s).

VII.

During the period of the statute of limitations, VTA has violated 29 U.S.C. §207(a) by employing plaintiffs, during many workweeks, longer than 40 hours and failing and refusing to

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-3-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

compensate them for certain hours in excess of 40 at rates not less than one and one-half the plaintiff's regular rate.  Accordingly, compensation is due and owing to plaintiffs for, at least, the period of the applicable statute of limitations.  Liquidated damages are also due and owing to plaintiffs to the extent permitted by law.

## VIII.

This case concerns two types of travel time worked by plaintiff bus drivers for VTA.  In each case, VTA has only paid straight time for such work, even when the work exceeded 40 hours in a week.  Such "travel time" is "hours worked" within the meaning of the FLSA.

## IX.

The first type of travel time worked by the Plaintiff involves travel during a shift.  During a portion of the period within the statute of limitations, Plaintiff was required to travel from Gilroy to San Jose.  He drove a bus which ended up in Gilroy.  He then traveled to San Jose for the second portion of his shift.  He drove another bus for the second part of his shift which began in San Jose.  At most, Plaintiff was paid straight time for the work.  This will be called herein "split-shift travel" as it happens when workers have a split shift where the first part of the shift ends at a different location from where the second part begins.  VTA paid only straight time for this "split-shift" travel.  It should be considered "hours worked" and those hours will be compensated at time-and-one-half pay, if appropriate.

## X.

The other type of travel time which should be considered "hours worked" under the FLSA involves beginning and ending the day at different locations.  Frequently, a bus driver will begin a

Neyhart,
Anderson,
Flynn &
Grosboll
Attorneys at Law

-4-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

shift early in the morning at the "division" and then get relieved on the street.  The driver doing "relief" on the street might end his/her day at the "division".  Both are examples of drivers who start and end at different locations.  This necessitates travel between those points.  This travel is "hours worked" but is paid by VTA only at straight time even if a worker works more than 40 hours in a work week.

XI.

This is a collective action.  The affected plaintiffs are any/all bus drivers who worked "travel time" (including travel during a shift or beginning and ending a shift at different locations) for VTA and were not paid for such time as "hours worked" under the FLSA during the period of the statute of limitations.  Leave is sought from this court to contact potential affected employees to see if they wish to join this suit.

XII.

Plaintiff Estorga is a proper representative for those in the collective action.

XIII.

VTA knew, or should have known, that plaintiffs were covered by the provisions of the act.

XIV.

VTA willfully violated the Act by failing to compensate plaintiffs at one and one-half times their regular rate for certain hours worked in excess of 40 hours in a workweek.  As a result of VTAs willful violation plaintiffs are entitled, pursuant to 29 U.S.C. §255, to recover wages due and owing for a period of three years prior to the date each plaintiff files a written consent with this Court.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-5-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

XV.

As a result of VTA's failure to comply fully with the act and to pay all compensation due and owing to plaintiffs, they have been forced to bring this action and to engage attorneys and incur the expenses of litigation.

XVI.

Unless enjoined by this Court, VTA will continue to refuse to pay plaintiffs for certain hours worked at the rates required by the Act.  Plaintiffs have no adequate remedy at law for this continuing refusal to comply with the Act.

WHEREFORE, plaintiffs pray that this court:

1.   Enter judgment that VTA has violated the Act by failing to pay plaintiffs for certain hours worked at the rates required by the Act;

2.   Order VTA to comply with the Act in the future and to compensate plaintiffs for a period of three years for all amounts due and owing as a result of VTA's past violations of the Act;

3.   Award plaintiffs liquidated damages in an amount equal to the backpay due and owing;

4.   Award plaintiffs reasonable attorneys' fees, costs and expenses involved in commencing and prosecuting this case; and

//

//

//

//

//

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

5.  Award plaintiffs prejudgment interest in the back pay owing; and grant such other and further relief as this Court deems just and proper.

Dated: ~~October~~ September 30 , 2016

Respectfully submitted,

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _____

William J. Flynn
Benjamin K. Lunch
Wan Yan Ling

Attorneys for Plaintiffs

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-7-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

<u>JURY TRIAL DEMAND</u>

Plaintiffs demand trial by jury.

Dated: ~~October~~ September 30 , 2016

Respectfully submitted,

NEYHART, ANDERSON, FLYNN &
GROSBOLL

By: _William J. Flynn_
     William J. Flynn
     Benjamin K. Lunch
     Wan Yan Ling

Attorneys for Plaintiffs

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-8-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc

EXHIBIT A

William J. Flynn, State Bar No. 95371
Benjamin K. Lunch, State Bar No. 246015
NEYHART, ANDERSON, FLYNN & GROSBOLL
369 Pine Street, Suite 800
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: blunch@neyhartlaw.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| ROBERT ESTORGA,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA CLARA VALLEY<br>TRANSPORTATION AUTHORITY,<br><br>Defendant. | Case No.<br><br>**CONSENT TO BE JOINED AS PARTY<br>PLAINTIFF**<br><br>[29 U.S.C. 216(b)] |

-1-

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

CONSENT FORM
C:\Users\Owner\Downloads\10265.414 Consent.doc

I, Robert Estorga, declare as follows:

1.    I have been employed by defendant, Santa Clara Valley Transportation Authority "VTA") or its predecessors in the position of bus or train operator from approximately 1986 to the present.

2.    I hereby consent, pursuant to 29 U.S.C. § 216(b), to be a party plaintiff in this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to recover unpaid overtime, liquidated damages, attorneys' fees and costs from defendant.

I declare under penalty of perjury that the above is true and correct.

Dated this 10th day of May, 2016 at _____Gilroy_____, California.

By: _____
        Robert Estorga

_____2896_____
VTA Badge Number

RECEIVED
MAY 1 6 2016
Neyhart, Anderson,
Flynn & Grosboll

Neyhart,
Anderson,
Flynn &
Grosboll
ATTORNEYS AT LAW

-2-

CONSENT FORM
C:\Users\Owner\Downloads\10265.414 Consent.doc

1

<u>SERVICE VIA ECF</u>

2

3        Pursuant to Local Rule 5(h), service on Defendant was done via the Court's Electronic Filing System.

4    September 30, 2016

5                                                    By: _____
6                                                         William J. Flynn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-9-

FIRST AMENDED COMPLAINT
H:\astrick\92518 First Amended Complaint.doc