# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ROBERT ESTORGA, <br><br> Plaintiff, <br><br> v. <br><br> SANTA CLARA VALLEY TRANSPORTATION AUTHORITY, <br><br> Defendant. | Case No. 16-cv-02668-BLF <br><br> **ORDER DENYING PLAINTIFFS' REQUEST FOR FURTHER DISCOVERY AND EXPERT DISCLOSURES; SETTING CASE MANAGEMENT CONFERENCE ON DECEMBER 5, 2019 AT 11:00 AM** <br><br> [RE: ECF 123] |

Robert Estorga filed this collective action on behalf of bus drivers for the Santa Clara Valley Transportation Authority ("VTA") under the Fair Labor Standards Act ("FLSA") seeking overtime pay for "hours worked" for travel time. Before the Court is Mr. Estorga and other opt-in Plaintiffs' (collectively, "Plaintiffs") motion for Further Limited Discovery, Expert Disclosure, and Trial Date. Mot., ECF 123.

Having considered the parties' respective written submissions, the Court finds the matter appropriate for submission without oral argument and hereby VACATES the hearing set for this motion on December 5, 2019 at 9:00 a.m. *See* Civ. L.R. 7-11(b). For the reasons stated below, the Court DENIES Plaintiffs' Motion for Further Limited Discovery and Expert Disclosures. The Court will hold a case management conference on **December 5, 2019 at 11:00 a.m.** to discuss trial dates with the parties.

## I. BACKGROUND

The Plaintiffs' overtime claims rest on two types of "travel time." *See* First Amended Complaint ("FAC"), ECF 27. First, in "start-end" travel scenario, bus drivers begin and end their shifts at different locations. FAC at 4-5. Second, "split-shift" travel occurs when a bus driver is

assigned to two runs in one day and must travel between the end point of the first run and the start point for the second run. FAC at 4. On January 4, 2019, the Court granted partial summary judgment to VTA, finding that Plaintiffs' "start-end" travel time is not compensable under the FLSA but the "split-shift" travel time is compensable. *Id.* at 20, 23.

Plaintiffs' expert is unable to calculate "split-shift" travel time (and consequently, damages) because, according to Plaintiffs, he lacks certain documents. Mot. 3-4. Specifically, Plaintiffs bring this motion to reopen discovery and seek the following documents for each Plaintiff: (1) the weekly timekeeping summary, (2) the employee activity sheet, and (3) (in general) a list of travel time paid by VTA (in minutes) to/from relief points and bus divisions. *Id.* at 1. Plaintiffs also request further expert disclosures on damages and a new trial date. *Id.* VTA opposes the motion on the grounds that Plaintiffs have failed to show "good cause" required under Federal Rule of Civil Procedure 16(b) to modify the Court's schedule. Opp'n at 1, ECF 126.

The dates and events relevant to this motion are summarized below:

| Date | Event |
|---|---|
| November 8, 2016 | The parties stipulated and the Court approved discovery deadlines. ECF 33. |
| June 2, 2018 | Fact discovery closed. *Id.* at 2. |
| July 31, 2018 | Expert disclosure were due. ECF 86 at 2. |
| August 31, 2018 | Rebuttal expert disclosure were due. *Id.* |
| September 21, 2018 | Expert discovery closed. *Id.* |
| January 4, 2019 | The Court's summary judgment order issued. Order. |
| March 29, 2019 | Plaintiffs requested documents related to "split-shift" timekeeping in an email to VTA counsel. Mot. at 4. |
| May 20, 2019 | Plaintiffs served an expert report on damages. Mot. at 3. |
| July 19, 2019 | Plaintiffs filed the present motion. ECF 123. |

## II. LEGAL STANDARD

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Carelessness is incompatible with a finding of diligence and "offers no reason for a grant of

relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. …. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

## III. DISCUSSION

After the Court's summary judgment order was issued, Plaintiffs' expert was unable to calculate "split-shift" travel time for several Plaintiffs. Mot. at 3. To do so, Plaintiffs' expert requires certain documents, which Plaintiffs requested on March 29, 2019 – nine months after fact discovery closed. *See* ECF 33. Plaintiffs argue that the Court should reopen discovery and allow production of the requested documents because (1) the request is "limited" to documents that are "necessary" for trial, (2) the requested documents should have been produced during discovery, and (3) The Court's summary judgment order is "good cause."

### A. Plaintiffs' Lack of Diligence

Plaintiffs do not reference (let alone argue) that they acted diligently in seeking the documents at issue. It is well settled that courts primarily consider whether the party seeking amendment was diligent, and if diligence is not shown, the inquiry ends. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017), *see also Davis v. California Dep't of Corr. & Rehab.*, No. C 08-4481 SBA, 2013 WL 1208965, at *2 (N.D. Cal. Mar. 25, 2013) (denying plaintiffs' request to reopen discovery where plaintiffs did not argue that they acted diligently). Here, Plaintiffs cannot show that they acted diligently. The parties agreed to, and the Court approved a discovery schedule that allowed for over a year of fact discovery and nearly two years of expert discovery. *See* ECF 33, 86. Plaintiffs had ample time to seek the documents they now request and to disclose their expert[1] in accordance with the case schedule – but did not.

Plaintiffs argue that the documents they seek should have "been already produced via

---

[1] VTA asserts (and Plaintiffs do not dispute) that Plaintiffs did not disclose an expert during the discovery process. Opp'n at 10. Plaintiffs shared their expert report with VTA, for the first time, on May 20, 2019—nearly ten months after the deadline for initial expert disclosures. *See* Mot. at 3; ECF 86.

3

supplementing disclosures and were requested in discovery." Mot. at 6. According to Plaintiffs, VTA's disclosures were "incomplete once the new plaintiffs were added" by September 2017 and therefore, VTA was obligated under Federal Rule of Civil Procedure 26(e) to supplement its disclosures. *See* Mot. 6-8. VTA disagrees that the documents were properly requested during discovery or that its objections to Plaintiffs' requests were improper. Opp'n at 4. But the time to resolve this discovery dispute has long passed. If Plaintiffs believed that VTA's discovery responses were deficient in 2017 and 2018, they should have brought proper discovery motions ***then*** and consistent with Civil Local Rule 37. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (upholding district court's decision not to reopen discovery when, among other factors, the moving party "had ample opportunity to conduct discovery").

In sum, Plaintiffs have failed to show they acted diligently in seeking the discovery they now request.

### B. Necessity of Requested Documents and Prejudice to Parties

Plaintiffs argue that the documents they seek are a "necessity … for trial" because their production would "make a relatively long trial relatively short." Mot. at 6. Plaintiffs claim that they will be "severely prejudiced" because "[d]amages cannot be calculated for many of the plaintiffs absent a long trial where each plaintiff discusses in testimony his/her assignment and the finder of fact does the necessary calculation." *Id.* According to Plaintiffs, VTA will suffer no prejudice because "[i]t can today pay for time as called in the Court's Order or it can await judgment and appeal." *Id.* at 5. VTA responds that (1) diligence on the part of Plaintiffs (and not prejudice) is the standard for determination of "good cause" under Rule 16, (2) "long and difficult trial" is not prejudice, and (3) VTA will be prejudiced if discovery is reopened.

The Court agrees with VTA that neither the alleged importance of the sought document, nor balance of prejudice suffered by the parties is the proper standard for "good cause" inquiry. The Ninth Circuit has explained that "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification…. If that party was not diligent the inquiry should end." *Johnson*, 975 F.2d at 609. It is true that Plaintiffs are now in an undesirable

4

position because they cannot establish that they suffered any damages – but this self-inflicted "prejudice" is due to Plaintiffs' lack of diligence during the course of discovery and "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id; see also Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1027 (9th Cir. 2006) (holding that the district court was "well within its sound discretion when it denied Plaintiff's motion to reopen discovery" even when the requested supplemental discovery "might have revealed highly probative evidence").

VTA argues that it will be prejudiced if discovery is reopened because any damages owed to Plaintiffs (even if small) is relevant to determining whether Plaintiffs are entitled to attorneys' fees as the prevailing party under FLSA. Opp'n at 11-12. By reopening discovery, VTA argues, "Plaintiffs will be provided an additional opportunity, with the full knowledge of this Court's summary judgment ruling, to build their argument for attorneys' fees." *Id.* at 12. VTA will also need to depose Plaintiffs' expert and "may need to retain additional experts and potentially a rebuttal expert, resulting in considerable additional expense in litigating this case," which VTA (as a defendant) may not recoup under FLSA. *Id.* The Court agrees that if discovery is reopened, VTA will necessarily incur additional expenses (with or without attorneys' fees) and therefore would be prejudiced. Thus, prejudice to VTA supplies additional reasons to deny Plaintiffs' motion. *Johnson*, 975 F.2d at 609

### C. This Court's Summary Judgment Order

Finally, Plaintiffs argue that the Court's summary judgment order is "good cause" for allowing limited discovery because calculation of damages is now "more difficult." Mot. at 9-10. According to Plaintiffs, after the Court's summary judgment order "travel time which gets counted as 'hours worked' must be calculated only for 'split-shift,'" which is not separately listed on the documents in Plaintiffs' possession. *Id.*

This argument fails because this "difficulty" was entirely foreseeable throughout this case. First, Mr. Estorga's FAC, filed on September 30, 2016, alleges two separate FLSA violations. *See* FAC at 4-5 ("This case concerns two types of travel time worked[.]"). Second, as VTA points out, by the time Plaintiffs filed this action, several courts had found that start-end travel time by transit

operators to and from point in the field is not compensable under FLSA. *See* Order at 14-15 (collecting cases). Plaintiffs could have, and should have, anticipated that they might prevail on one or the other "travel time" allegation and conducted discovery accordingly. *See Johnson*, 975 F.2d at 609 ("Carelessness is incompatible with a finding of diligence[.]"). The Court's summary judgment does not provide "good cause" for reopening discovery.

Finally, the Court notes that both parties have filed briefs that do not conform to this Court's Standing Orders. All footnotes are to be 12-point font and double spaced. Plaintiffs' non-conforming footnotes are STRICKEN. Briefs are limited to 10 pages. Defendant's pages 11 and 12 are STRICKEN. In the future, the Court will strike the entire non-conforming submissions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Further Limited Discovery and Expert Disclosures is DENIED. A case management conference is SET for **December 5, 2019 at 11:00 a.m.**, in which the Court will discuss trial dates with the parties.

**IT IS SO ORDERED.**

Dated: November 25, 2019

_____
BETH LABSON FREEMAN
United States District Judge